**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MAX A. JACKSON,

      Petitioner-Appellant,

  v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

      Respondents-Appellees.

No. 04-2192
(D.C. No. CIV-02-634-LH/RHS)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Max A. Jackson appeals from the district court's order denying his petition for habeas relief filed under 28 U.S.C. § 2254. We granted a certificate of appealablility (COA) on two issues. The first issue is whether the New Mexico Court of Appeals unreasonably applied *Batson v. Kentucky*, 476 U.S. 79, 97-98 (1986). The court concluded that the prosecutor's reason for excusing a venireperson on the basis that he demonstrated sympathy and bias for Mr. Jackson by stating that he felt it was unfair that Mr. Jackson, who is African-American, would "be tried before a jury containing no African-American jurors" was a valid, race-neutral reason for excluding the juror. Aplt. App. at 63.

The second issue has several subparts for a claim of ineffective assistance of counsel. The first is whether the New Mexico state courts unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), in refusing to grant habeas relief for Mr. Jackson's counsel's failure to seek disqualification of the district attorney's office. The state court denied the claim because Mr. Jackson could not show prejudice, "[t]he evidence of [his] guilt [having been] overwhelming." Aplt. App. at 69. The second is whether the federal district court erred in determining that Mr. Jackson's counsel's failure to challenge the venire selection procedure was not objectively unreasonable and not prejudicial. The third is whether the federal district court erred in concluding that Jackson's counsel conducted a sufficient investigation into a key witness's credibility. And

the fourth part of the issue is whether the federal district court erred in concluding that counsel was not ineffective for having made a strategic decision not to compel an interview or deposition or the disclosure of the location of a potential witness. We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253, and affirm.

**I**

Following a jury trial, Mr. Jackson was convicted in New Mexico state court of three counts of trafficking cocaine by distribution and one count of conspiracy to traffic cocaine. His convictions were affirmed on direct appeal and his subsequent state petitions for post-conviction relief were denied. Mr. Jackson brought a habeas petition in federal district court, asserting the same issues set forth above. The New Mexico courts had addressed the merits of only the *Batson* issue and the ineffective-assistance-of-counsel claim related to counsel's failure to seek disqualification of the district attorney's office. The state courts denied relief on the other three ineffective-assistance-of-counsel claims without discussion. The magistrate judge to whom the federal habeas petition was assigned prepared a thorough, eighteen-page report fully analyzing all claims, which the district court adopted in denying the petition for habeas corpus.

## II

Because this habeas petition was filed after the effective date of the

Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132,

110 Stat. 1214 (1996), it is governed by AEDPA's provisions.      *See Mitchell v.*

*Gibson*, 262 F.3d 1036, 1045 (10th Cir. 2001).

> When reviewing the denial of a habeas corpus petition, we are
> generally subject to two different frameworks of review, depending
> upon whether the state courts addressed the merits of the claim for
> relief.  If the state courts have not heard the claim on its merits, we
> review the district court's legal conclusions de novo and its factual
> findings, if any, for clear error.  If the state courts have addressed the
> claim on its merits, we review the state court ruling under the
> standard enunciated under 28 U.S.C. § 2254.

*Id.* (quoting  *Hale v. Gibson*  , 227 F.3d 1298, 1309 (10th    Cir. 2000)).

> After AEDPA, a federal court may not grant habeas relief on a claim
> adjudicated on the merits in state court unless the state court decision
> "was contrary to, or involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme Court," 28
> U.S.C. § 2254(d)(1), or "was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court
> proceeding," *id.* § 2254(d)(2).  State court fact findings are presumed
> correct unless the petitioner rebuts them by clear and convincing
> evidence.  A state court decision is contrary to clearly established
> federal law under section 2254(d)(1) if the state court arrives at a
> conclusion opposite to that reached by the Supreme Court on a
> question of law or if the state court decides a case differently than
> the Supreme Court has on a set of materially indistinguishable facts.
> A state court decision is an unreasonable application of federal law
> under section 2254(d)(2) if the state court identifies the correct
> governing legal principle from the Supreme Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.
> The reasonableness of the state court's application of federal law is
> to be evaluated by an objective standard.  The Supreme Court has

cautioned that an *unreasonable* application of federal law is different from an *incorrect* or *erroneous* application of federal law.

*Id.* (quotation marks, citations, and brackets omitted).

Applying these standards, we have carefully reviewed the record, the parties' arguments, and the applicable law in this case. For substantially the same reasons stated in the magistrate judge's amended report and recommendations filed June 15, 2004, we conclude that the habeas petition was properly denied.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge